(35 Misc. Rep. 746.)

CONNOLLY v. VAN WYCK et al., Commissioners.

(Supreme Court, Special Term, New York County. September, 1901.)

1. EMINENT DOMAIN—COMPENSATION—CONSTITUTIONAL LAW.
    Laws 1899, c. 652, § 2, giving the East River Bridge commission power, with approval of board of estimate and apportionment, to acquire title by condemnation, and providing that title to the property condemned may vest in the city, and the buildings thereon may be sold before compensation to property owners is made, is not unconstitutional, where it provides a convenient legal remedy by which the property owners can enforce payment.

2. PRELIMINARY INJUNCTION.
    Where continuance of preliminary injunction would terminate the litigation practically in favor of plaintiff, it will be denied where his right to ultimate relief is in serious doubt.

Action by Patrick Connolly against Robert A. Van Wyck and others, commissioners of the city of New York, and the city of New York. Motion to continue injunction pendente lite. Motion denied.

Timothy J. Campbell (Thomas W. Pittman and L. J. Morrison, of counsel), for plaintiff.

John Whalen, Corp. Counsel, and George Hill, Asst. Corp. Counsel, for defendants.

BLANCHARD, J. The plaintiff is the owner of premises in the city of New York, which the defendants, the commissioners of the city of New York East River Bridge commission and the city of New York, had proposed to take possession of on July 3, 1901, pursuant to act of the legislature of the state of New York. The commission was created by chapter 789 of the Laws of 1895, and by chapter 652 of the Laws of 1899 (section 2) power was conferred upon it, with the approval of the board of estimate and apportionment, to acquire title to lands by condemnation in the manner provided by chapter 21 of the Greater New York charter. By section 1439 of that act the title of the property condemned may be vested in the city, and the buildings thereon sold before the compensation to the property owner is made, or the amount of the award determined. It is of this that the plaintiff complains. He seeks a temporary injunction restraining the defendants from proceeding to acquire his property, and from selling the house thereon, prior to the award for compensation being determined. He claims that the act, in so far as this is permitted to be done, is unconstitutional, because without due process of law his property is taken without just compensation being awarded him, in violation of the constitution of the United States and of the state. The courts of this state have decided that such a provision is not a violation of our constitution. Mr. Justice Patterson, in Re Mayor, etc., of City of New York, 72 N. Y. Supp. 378, in a well-considered opinion held it to be the settled law of this state that a provision of statute law authorizing the taking of private property by the state, or one of its municipalities, under the right of eminent domain, without providing for payment prior to or concurrently with the taking, is constitutional if a sure,

sufficient, and convenient remedy is provided by which the owner can subsequently coerce payment by legal proceedings; and the cases of Sage v. City of Brooklyn, 89 N. Y. 195, and In re Mayor, etc., of New York, 99 N. Y. 577, 2 N. E. 642, are cited with approval. In further support of the principle announced, the cases of Sweet v. Rechel, 159 U. S. 380, 16 Sup. Ct. 43, 40 L. Ed. 188, Mayor, etc., v. Wright (Sup.) 12 N. Y. Supp. 20, and Hill v. Wine, 35 App. Div. 520, 54 N. Y. Supp. 892, may be referred to. I must therefore conclude that no constitutional provision is violated in this case. The granting of the preliminary injunction, following as it does the language of the prayer of the complaint, would, in effect, determine the litigation by affording to the plaintiff the same relief he would succeed in obtaining after a trial, should he there prove successful. It should, therefore, be granted with great caution, and only when necessity requires. Bronk v. Riley, 50 Hun, 489, 492, 3 N. Y. Supp. 446. And where, as in this case, the right to ultimate relief is, to say the least, involved in serious doubt, a preliminary injunction should not be allowed. The motion to continue the injunction pendente lite is denied, and the preliminary injunction heretofore granted is vacated, with $10 costs to defendants to abide the event

Motion denied, and preliminary injunction vacated, with $10 costs to abide event.